IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHANE PATRICK SKAAR,

                             Plaintiff,

     v.

META PLATFORMS, INC.,

                            Defendant.

OPINION and ORDER

26-cv-15-jdp

---

Plaintiff Shane Patrick Skaar, proceeding without counsel, brought a complaint in La Crosse County Circuit Court against defendant Meta Platforms, Inc. Dkt. 1-1. Skaar alleged that Meta suspended his business Instagram account based on an incorrect determination that he was using the account for child sexual exploitation, which harmed him economically. Dkt. 1-1. Meta removed the complaint to this court and moved to dismiss, contending, among other things, that this court lacks personal jurisdiction over it. Dkt. 6. Skaar responded to Meta's motion, but he did not address Meta's jurisdictional arguments. Dkt. 13. I will grant Meta's motion and dismiss the case without prejudice, but without leave to amend, for lack of personal jurisdiction.

ALLEGATIONS OF FACT

Skaar is the founder and CEO of Streignth LLC, a fitness, coaching, and digital media business. Streignth depends heavily on its social media presence for marketing, sales, and customer communication. Meta is a corporation headquartered in Menlo Park, California. Meta operates and controls Instagram and Facebook.

Skaar formerly operated the Instagram account @shane_skaar. In seven years, Skarr had gained more than 15,000 followers. The Instagram account, which was verified under Meta Verified, was a key business asset for Streignth. Between late August and early December 2025, Meta suspended Skaar's account three times based on incorrect determinations that he was using the account for child sexual exploitation. During this period, Meta also suspended related business accounts, including Streignth's official Instagram account. Skaar had shown "perfect adherence to all Instagram policies." *Id.* ¶ 14. The suspensions harmed Skaar's business, reputation, income, and emotional well-being. Skaar was forced to relocate from Florida to Wisconsin due to the financial hardship.

## ANALYSIS

Skaar asserts the following state-law claims: negligence, defamation by implication, tortious interference with business relations, and breach of contract. Skaar seeks damages and injunctive relief.

Meta says that it is incorporated in Delaware and that its principal place of business is California. Dkt. 9 ¶ 9. Skaar's complaint suggests that when he filed it, he was a citizen of Wisconsin. Diversity jurisdiction would be the only basis for this court to exercise subject matter jurisdiction over Skaar's state-law claims.

Meta moves to dismiss the complaint for lack of personal jurisdiction. Because Meta moves to dismiss on this basis pursuant to Federal Rule of Civil Procedure 12(b)(2), Skaar bears the burden of demonstrating the existence of personal jurisdiction. *See Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). Because I am deciding the motion based on the paper record only, Skaar need only show a prima facie case of personal

jurisdiction. *See id.* In making this determination, I must accept all well-pleaded facts in the complaint as true and resolve any factual disputes in any declarations in his favor. *See Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012).

A federal court sitting in diversity has personal jurisdiction only when both the forum state's long-arm statute and due process permit the exercise of personal jurisdiction over the defendant. *See Lexington Ins. Co. v. Hotai Ins. Co., Ltd.*, 938 F.3d 874, 878 (7th Cir. 2019); *Citadel Grp. Ltd. v. Washington Reg'l Med. Ctr.*, 536 F.3d 757, 760 (7th Cir. 2008). As a general principle, Wisconsin's long-arm statute permits the exercise of personal jurisdiction to the full extent permitted under the Due Process Clause. *See Lexington Ins.*, 938 F.3d at 878, 884; *Cherkassky v. High-End Servs.*, No. 24-cv-870-wmc, 2026 WL 632725, at *2 (W.D. Wis. Mar. 6, 2026). Meta doesn't press an argument under state law, so I will consider only whether this court's exercise of personal jurisdiction over Meta would violate due process.

There are two types of personal jurisdiction: general and specific. *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., San Francisco Cnty.*, 582 U.S. 255, 262 (2017). I begin with general jurisdiction. A federal district court may assert general jurisdiction over a corporation whose "affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017). "A court with general jurisdiction may hear any claim against that defendant, even if all the incidents underlying the claim occurred in a different State." *Bristol-Myers*, 582 U.S. at 262 (emphasis omitted). Absent exceptional circumstances, a corporation is "at home" in the forum state only if it is incorporated in that state or if its principal place of business is there. *See BNSF Ry. Co.*, 581 U.S. at 413.

Meta says that it is incorporated in Delaware and that its principal place of business is California. Dkt. 9 ¶ 9; *see also Huckabee v. Meta Platforms*, Inc., No. 25-2347, 2026 WL 1817252, at *1 (3d Cir. June 23, 2026). Skaar has not come forward with any evidence to dispute this statement. *See Purdue Research*, 338 F.3d at 782–83 ("[O]nce the defendant has submitted [a declaration] . . . in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction."). The complaint has no allegations indicating that exceptional circumstances could support general jurisdiction over Meta. Skaar does not allege, even generally, that Meta's operations in Wisconsin are "so substantial and of such a nature as to render [it] at home" here. *See BNSF Ry. Co.*, 581 U.S. at 413; *see also Russell v. Meta Platforms, Inc.*, No. 23-cv-193, 2024 WL 4800365, at *3 (N.D. Miss. May 29, 2024) (finding no basis for personal jurisdiction over Meta, a Delaware incorporation whose principal place of business is California, when plaintiff "made no allegation that Meta engages in continuous and systematic contacts" with the forum state); *cf. Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924–25 (2011) (suggesting that general jurisdiction "plays a reduced role" in modern personal jurisdiction caselaw). The record does not support the exercise of general jurisdiction over Meta.

I turn to specific jurisdiction. For specific jurisdiction to be present, Meta must have "certain minimum contacts" with Wisconsin, so that maintaining this lawsuit does not "offend traditional notions of fair play and substantial justice." *See Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 801 (7th Cir. 2014). Specific jurisdiction is present only if: (1) Meta has purposefully directed its activities at Wisconsin or purposefully availed itself of the privilege of conducting business in Wisconsin, and (2) the alleged injury arises out of Meta's forum-related activities. *See N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 492 (7th

Cir. 2014). Operating a "highly interactive" website that is accessible from the forum state, by itself, does not show the defendant has sufficient contacts to support specific jurisdiction. *See Advanced Tactical*, 751 F.3d at 803. The basic issue is whether Skaar's claims arise out of activity by Meta targeting Wisconsin. *See id.* at 802–03; *see also Gullen v. Facebook.com, Inc.*, No. 15-cv-7681, 2016 WL 245910, at *2 (N.D. Ill. Jan. 21, 2016) ("Because plaintiff does not allege that Facebook targets its alleged biometric collection activities at Illinois residents, the fact that its site is accessible to Illinois residents does not confer specific jurisdiction over Facebook.").

Skaar's allegations don't suggest that his claims relate to activity by Meta targeting Wisconsin residents. The complaint's main idea is that Meta wrongfully suspended Skaar's social media accounts. That allegation doesn't suggest that Meta's suspension-related activities occurred in Wisconsin or otherwise targeted this state. *See Georgalis v. Facebook, Inc.*, 324 F. Supp. 3d 955, 961 (N.D. Ohio 2018) (plaintiff's claim that Facebook deleted content from account of user who happened to reside in Ohio failed to show that Facebook had targeted Ohio residents). Skaar might have accessed Instagram and other websites operated by Meta from Wisconsin, but that fact alone wouldn't suggest that his claims arise out of activity by Meta targeting Wisconsin.[1] Skaar alleges that his Instagram account was verified under Meta

---

[1] *See Advanced Tactical*, 751 F.3d at 803; *Russell*, 2024 WL 4800365, at *3 (stating that "personal jurisdiction over Meta may not exist simply because a user avails himself of Facebook's services in a state other than the state in which Meta is incorporated and has its principal place of business" (alterations adopted)); *Georgalis*, 324 F. Supp. 3d at 961; *Ralls v. Facebook*, 221 F. Supp. 3d 1237, 1244 (W.D. Wash. 2016) (stating that "personal jurisdiction over Facebook may not exist simply because a user avails himself of Facebook's services in a state other than the states in which Facebook is incorporated and has its principal place of business"); *Gullen*, 2016 WL 245910, at *2; *cf. Walden v. Fiore*, 571 U.S. 277, 285 (2014) ("[T]he plaintiff cannot be the only link between the defendant and the forum.").

Verified, and I will infer that he made a monthly payment for this service. But Meta Verified is presumably available nationwide. Indeed, Skaar alleges that he resided in Florida when at least some of the events occurred. *See* Dkt. 1-1 ¶ 22. Skaar does not allege that he paid for Meta Verified from Wisconsin. But if he did, this activity at most suggests an "attenuated" contact, not one "substantial enough to make it reasonable for [Meta] to anticipate that [it] could be haled into court [in Wisconsin]." *Cf. N. Grain Mktg.*, 743 F.3d at 492; *Georgalis*, 324 F. Supp. 3d at 960 (allegations that Facebook had a "ubiquitous presence" and numerous Ohio users that generated "significant revenue" failed to support specific jurisdiction over it in Ohio). Even if Skaar's Meta Verified subscription somehow created a contract, "contracting with an out-of-state party alone cannot establish automatically sufficient minimum contacts in the other party's home forum." *See N. Grain Mktg.*, 743 F.3d at 493. The record does not support the exercise of specific jurisdiction over Meta.

To recap, the record does not support the exercise of either general or specific jurisdiction over Meta. I will dismiss the complaint without prejudice for lack of personal jurisdiction. This means that Skaar may refile his lawsuit in an appropriate forum.

CONCLUSION

When a plaintiff proceeds without counsel, the court of appeals has cautioned against dismissing his case without giving him a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But leave to amend doesn't have to be granted if it's clear that further amendment would be futile. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013).

Skaar hasn't alleged any facts suggesting that further amendment would cure the problem with personal jurisdiction. Skarr's failure to respond to Meta's jurisdictional arguments, along with his failure to ask for leave to amend to address the jurisdictional issue, strongly suggest that he cannot overcome the jurisdictional bar. I will grant Meta's motion, dismiss the complaint without leave to amend, and close the case.

## ORDER

IT IS ORDERED that:

1. Defendant Meta Platforms, Inc.'s motion to dismiss, Dkt. 5, is GRANTED, with the result that the complaint is DISMISSED without prejudice, but without leave to amend, for lack of personal jurisdiction.

2. The clerk of court is directed to enter judgment and close the case.

Entered July 31, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge